# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**CORY DARNELL BROWN**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:11-CR-170

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has lived his entire life in Chicago, and spent the past year in jail there.  He may have a grandmother he can live with there, but this has not been verified.

Defendant has had no employment for the past decade.  He was on social security disability caused by gunshot wounds related to gang activity, but this was terminated when he went to jail.
(continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community or the presence of the defendant, based upon the unrebutted presumption.  In the alternative, I find the government has shown by a preponderance of the evidence that the defendant is a flight risk in light of his attempt to flee the police in this instance and his previous bond violations.  He also has no ties (other than criminal convictions) to this district, and his present ties to his (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 1, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **CORY DARNELL BROWN**
1:11-CR-170
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Plaintiff has previous convictions for attempting to carry a concealed weapon (2002), prowling (2006), and felony assault/resisting and obstructing a police officer (2006). These offenses all occurred in Battle Creek, Michigan. He was on probation for the latter offense when the present charges occurred.

Defendant's criminal record in Cook County goes back to when he was 18 years old, in 1996, and was convicted of possessing marijuana. Two years later he was convicted of aggravated assault and three years after, attempted theft and possession of a controlled substance. He received a probation violation for the latter offense. He has also been convicted for driving on a suspended or revoked license, carrying a concealed weapon, fleeing or attempting to elude police, retail theft, and has had several bond forfeitures since that time. Interestingly, the retail theft resulted in a two-year period of incarceration.

**Part II - Written Statement of Reasons for Detention** - (continued)

 hometown of Chicago are tenuous.